United States District Court
Southern District of Texas
**ENTERED**
October 27, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHN T. BOUCHARD, *et al.,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3118 |
| | § | |
| DXP ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER APPROVING SETTLEMENT AGREEMENT AND DENYING IN PART AND
GRANTING IN PART MOTION FOR LEAVE TO FILE AGREEMENT UNDER SEAL**

The plaintiff, John T. Bouchard, sued DXP Enterprises, alleging that it violated the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* He sought to represent a class of similarly

situated present and former DXP employees who were not paid overtime for working more than 40

hours in a workweek during the relevant period. *See* 29 U.S.C. § 216. Mr. Bouchard decided not

to pursue a collective action and did not file a certification motion. He and DXP have agreed to

settle their claims in exchange for dismissal of this case, with prejudice. The settlement is limited

to Mr. Bouchard's FLSA claims and the FLSA claims of those who opted in and who are listed on

Exhibit to the Settlement Agreement. The parties have jointly moved to approve the settlement

agreement and dismiss the lawsuit, (Docket Entry No. 56), and to file the settlement agreement

under seal, (Docket Entry No. 57).

FLSA claims may be compromised after the court reviews and approves a settlement in a

private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States,*

*U.S. Dep't of Labor*, 679 F.2d 350, 1353 (11th Cir.1982). If the settlement reflects "a reasonable

compromise over issues," and the relief provided is fair, reasonable, and adequate, the court may

approve it.  *Id.* at 1354.

The parties filed the proposed settlement agreement.  It reflects payment to Mr. Bouchard and the opt-in plaintiffs listed in the settlement agreement of  significant sums that are fair and adequate compensation for the alleged damages.  The settlement terms particularly reasonable considering that the payment is promised in a sum certain, without the uncertainties of litigation.  Mr. Boudreaux and the others will be paid the listed amounts without risking losing the liability issues, and  without the delays of trial and appeal.  There were genuine disputes over DXP's liability, the amount of compensation, and the amount, if any, of liquidated damages, and attorney's fees due.  The fairness and adequacy are further supported by the vigorous motions practice and the discovery that occurred in this action before the settlement was reached.  The record shows no indication that the settlement was anything but arms-length.  Finally, the fact that it was not pursued on behalf of the class does not suggest any prejudice to the absent class members.  There is no indication that the absent class members who did not opt in relied on the pendency of this action to protect their claims, and no indication of prejudice to them by the dismissal of the claims at issue.

This court has reviewed the settlement agreement and finds that the amounts to be paid to the present and former employees and the amount of attorney's fees provided for in the settlement agreement are fair and reasonable.  This court approves the proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA.  The motion to approve the settlement agreement and the motion for an order of dismissal with prejudice is granted.  The settlement agreement is approved and final judgment is entered by separate order.  (Docket Entry No. 56).

The court does not, however, grant the motion to seal the settlement agreement and related

exhibits, (Docket Entry No. 57).  When a settlement agreement is filed with the court for approval, it is presumptively publicly available and the parties must demonstrate good cause to deny public access to the agreement.  *See, e.g., Brown v. Advantage Eng'g Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Hernreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 637 (7th Cir. 2002); *Bank of Am. Nat'l Trust & Sav. Assoc. v. Hotel Rittenhouse Ass'n*, 800 F.2d 339, 345 (3d Cir. 1986).

"The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that 'directly affect an adjudication' than for documents, such as discovery materials, that 'come within a court's purview solely to insure their irrelevance.'" *Stalnaker*, 293 F.Supp.2d at 1264 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Absent good cause, the sealing from public scrutiny of a settlement agreement in a FLSA case would "thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger 'the national health and well-being.'"  *Id*.  There is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement case unsealed and available for public review.  *Prater v. Commerce Equities Mgmt. Co.*, No. CIV.A. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008); *see also Rodriguez v. El Polio Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb.23, 2012) (Fitzwater, J.) ("[T]he overwhelming consensus of district courts that have considered the issue [ ] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.").

Neither the parties nor the record demonstrate good cause for maintaining the seal on the settlement agreement and related exhibits, with one exception that calls for limited redactions, not sealing the entire document.  The parties may redact the specific amounts paid to Mr. Bouchard and the names of the opt in plaintiffs and the amounts paid to them under the settlement.  No further redactions are required or supported.

3

Final judgment is separately entered.  Docket Entry No. 56, the motion to approve the settlement and dismiss the lawsuit, is granted; Docket Entry No. 57, the motion for leave to file under seal, is denied, although limited redactions are permitted.

SIGNED on October 27, 2016, at Houston, Texas.

Lee H. Rosenthal

United States District Judge

4